22-2834
*Greathouse v. Meddaugh*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand twenty-three.

PRESENT:  Denny Chin,
  Steven J. Menashi,
    *Circuit Judges*,
  Eric R. Komitee,
    *District Judge*.*

_____

LEON GREATHOUSE,

  *Plaintiff-Appellant*,

v.  No. 22-2834

SGT. K. MEDDAUGH; RN MARY THOMPSON;
OFFICER DRAKE; SGT. PHILLIPS,

  *Defendants-Appellees*.†

_____

---

* Judge Eric R. Komitee of the United States District Court for the Eastern District of New York, sitting by designation.

† The Clerk of Court is directed to amend the caption as set forth above.

*For Plaintiff-Appellant*:   ROBERT RICKNER, Rickner PLLC, New York, NY.

*For Defendants-Appellees*:   KEVIN C. HU, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Jeffrey W. Lang, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Leon Greathouse was a prisoner at Mohawk Correctional Facility. Early in the morning of November 29, 2020, a prison guard found Greathouse on the floor of his cell and determined that Greathouse was intoxicated. A nurse on the scene did not agree that Greathouse was intoxicated and recommended that Greathouse be transferred to the medical unit for further evaluation. At the medical unit, a second nurse concluded—based on a visual examination—that Greathouse was intoxicated. At a disciplinary hearing, Greathouse was adjudicated guilty of ingesting intoxicants in violation of prison rules. This adjudication—and the resulting sanction—delayed Greathouse's date of release from prison.

Greathouse sued the prison officials in federal court under 42 U.S.C. § 1983, alleging violations of the Due Process Clause and the Eighth Amendment in the imposition of the disciplinary sanction. The district court dismissed the suit. Greathouse now appeals that dismissal. He makes two arguments. First, he contends that Supreme Court precedents limiting § 1983 actions that necessarily imply the invalidity of prison disciplinary adjudications—in particular, *Edwards v.*

*Balisok*, 520 U.S. 641 (1997), and *Heck v. Humphrey*, 512 U.S. 477 (1994)—do not bar his lawsuit. Second, he contends that the district court made improper factual and credibility determinations on the way to dismissing his claims on the merits. We affirm the judgment of the district court because Greathouse's suit is procedurally barred. As a result, we need not address the merits. We assume the parties' familiarity with the underlying facts and procedural history.

"We review a district court's grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Henry v. County of Nassau*, 6 F.4th 324, 328 (2d Cir. 2021) (internal quotation marks omitted). "[A] complaint will survive a motion to dismiss under Rule 12(b)(6) if it alleges facts that, taken as true, establish plausible grounds to sustain a plaintiff's claim for relief." *Cornelio v. Connecticut*, 32 F.4th 160, 168 (2d Cir. 2022).

I

Greathouse argues that his suit should survive the procedural bar that applies to § 1983 claims that necessarily imply the invalidity of a conviction, sentence, or disciplinary sanction. We disagree. Greathouse's failure to exhaust his remedies in an Article 78 state proceeding bars his federal claim.

"[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards*, 520 U.S. at 643 (quoting *Heck*, 512 U.S. at 487). In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, … a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87 (footnote omitted). "[T]o comply with the *Heck* rule, a prisoner, as a prerequisite to maintaining his

3

§ 1983 action, must establish that his conviction or sentence has been overturned or invalidated by an administrative board or a state court or a federal court in a habeas proceeding." *Jenkins v. Haubert*, 179 F.3d 19, 24-25 (2d Cir. 1999). Greathouse concedes that his lawsuit necessarily implies the invalidity of the disciplinary determination that he was intoxicated,[1] but he has not made the showing required for such a claim.

Greathouse argues that he is excused from demonstrating favorable termination in the outcome of the disciplinary proceeding because "habeas and state administrative review were functionally unavailable to [him] during his incarceration, and became moot upon his release" from prison. Appellant's Br. 17 (capitalization omitted). Greathouse claims "that he was unable to exhaust his administrative remedies between the time he was wrongfully accused of intoxication and the day he was released to parole, precluding state judicial review." *Id.* at 18. Moreover, "even if he was able to exhaust in that time, any claim [he] had concerning the confinement was still moot upon his release from prison," precluding judicial relief. *Id.* at 18-19. On this basis, Greathouse contends that he can proceed directly to a § 1983 claim. We disagree.

Greathouse could have challenged—through an Article 78 proceeding in New York state court—the disciplinary determination responsible for his delayed release. Greathouse suggests that he could not have maintained an Article 78 proceeding because an "[A]rticle 78 proceeding is precluded by [a] failure to exhaust … administrative remedies," *Matter of Vance v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 160 A.D.3d 1322, 1323 (N.Y. App. Div. 3d Dep't 2018), and Greathouse did not exhaust all the relevant remedies. Yet Greathouse's complaint alleges that he diligently pursued available administrative remedies while still in prison, having "submitted [a] number of grievances and complaints seeking to

---

[1] Oral Argument Audio Recording at 8:05. In *Edwards*, as in this case, a sanction imposed following a prison disciplinary hearing was the basis of the plaintiff's claim. *See Edwards*, 520 U.S. at 644.

4

have the decision overturned or otherwise bring attention to the violation of his due process rights." J. App'x 12. Greathouse "was released to parole before he was provided with the responses necessary to perfect either his disciplinary or grievance appeals," and "[d]isciplinary and grievance appeals are dismissed by [the New York Department of Corrections and Community Supervision ("DOCCS")] as moot following an incarcerated person's release." *Id.* at 13. Thus, "[o]nce released," Greathouse argues, he "had no possibility of appeal." *Id.*

For purposes of commencing an Article 78 proceeding, Greathouse's administrative remedies were exhausted on his release from prison. Administrative exhaustion requires a final determination of an administrative appeal. Accepting the complaint's allegations as true, Greathouse's release exhausted his administrative remedies. "A prisoner need not exhaust remedies if they are not 'available.'" *Ross v. Blake*, 578 U.S. 632, 636 (2016) (quoting 42 U.S.C. § 1997e(a)). If a prisoner "had no opportunity to appeal" the denial of a grievance, then "the appeals process was not available to him." *Garcia v. Heath*, 74 F.4th 44, 49 n.4 (2d Cir. 2023); *see also Rucker v. Giffen*, 997 F.3d 88, 92 (2d Cir. 2021) ("[T]he remedies must indeed be 'available' to the prisoner.") (quoting *Ross*, 578 U.S. at 639).

But while Greathouse's claim was moot for purposes of DOCCS's disciplinary and grievance processes, it was *not* moot for purposes of Article 78. A prisoner may pursue an Article 78 proceeding to challenge a disciplinary determination even after his release from custody. *See Matter of Walker v. Senkowski*, 260 A.D.2d 830, 831 (N.Y. App. Div. 3d Dep't 1999) ("With respect to his challenge to the disciplinary determination, … although petitioner has been released from custody, this issue cannot be considered moot as 'petitioner is entitled to have an institutional record free from improperly obtained findings of disciplinary rule violations.'") (quoting *Matter of Grant v. Senkowski*, 146 A.D.2d 948, 949 (N.Y. App. Div. 3d Dep't 1989)). Because Greathouse did not pursue and obtain a favorable termination of the disciplinary determination through an Article 78 proceeding, his § 1983 claim is barred unless the *Heck* bar is waived.

5

II

Whether the procedural bar is waivable is a question this court has not addressed.[2] In this case, we assume without deciding that the procedural bar is waivable and that, as in other cases, "[t]he conduct said to constitute a waiver must be clear and unequivocal, as waivers are never to be lightly inferred." *Mooney v. City of New York*, 219 F.3d 123, 131 (2d Cir. 2000) (quoting *Tray-Wrap, Inc. v. Six L's Packing Co.*, 984 F.2d 65, 68 (2d Cir. 1993)). We conclude that the defendants have not waived the procedural bar.

In a letter filed on the day before oral argument, the Attorney General, who represents the defendants, "encourage[d] the Court to assume that the *Heck* and *Edwards* favorable termination rule does not bar plaintiff's due process claim and leave for another day the further development of the law under *Heck* and *Edwards*."[3] The Attorney General urged instead that "this Court should affirm the decision below on the alternative grounds that petitioner received all the process due to him with respect to his liberty interest in parole and also in the disciplinary hearing about the intoxication charge."[4] The Attorney General expressly declined, however, to withdraw the argument she had advanced in the briefing—and on which the defendants prevailed before the district court—that the favorable termination rule applied. "We do not … withdraw the *Heck* and *Edwards*

---

[2] Other circuits have reached varying conclusions. *See, e.g., O'Brien v. Town of Bellingham*, 943 F.3d 514, 528-29 (1st Cir. 2019) (characterizing the *Heck* bar as jurisdictional and not waivable); *Carr v. O'Leary*, 167 F.3d 1124, 1126 (7th Cir. 1999) (holding that the state defendants' "failure to plead the *Heck* defense in timely fashion was a waiver"); *Teagan v. City of McDonough*, 949 F.3d 670, 678 (11th Cir. 2020) (describing the circuit split).

[3] Letter from Kevin C. Hu, Assistant Solicitor General, to Catherine O'Hagan Wolfe, Clerk of Court, at 2, *Greathouse v. Meddaugh*, No. 22-2834 (2d Cir. June 4, 2023), ECF No. 56.

[4] *Id.*

6

argument," the Attorney General wrote, "so that we can reserve the possibility of pressing the *Heck* and *Edwards* issue on further review."[5]

At oral argument, counsel for the Attorney General reiterated that the defendants were "not abandoning [the favorable-termination argument] to preserve it potentially for further review."[6] When asked whether the Attorney General was "withdrawing the argument in this case," counsel responded, "[n]ot entirely."[7] Then, when asked whether the Attorney General was "withdrawing [the argument] as applied to this case [but] preserving your right to argue in other cases," counsel answered yes.[8] The Attorney General's position was not entirely clear.

Thus, although the Attorney General encouraged us to resolve this appeal on alternative grounds, the defendants have not abandoned the *Heck* and *Edwards* argument. To the contrary, the Attorney General seeks to ensure that the argument remains available "on further review" from our court. *See United States v. Harrell*, 268 F.3d 141, 146 (2d Cir. 2001) ("An issue is reviewable on appeal only if it was 'pressed or passed upon below.'") (quoting *United States v. Williams*, 504 U.S. 36, 41 (1992)). In these circumstances, we conclude that the defendants have not clearly and unequivocally waived the *Heck* bar.

\* \* \*

For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



---

[5] *Id.*

[6] Oral Argument Audio Recording at 21:29.

[7] *Id.* at 21:47.

[8] *Id.* at 21:56.